# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARBARA HALESEY,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SURGICAL SPECIALTY CENTER OF NORTHEASTERN PENNSYLVANIA, LLC, AMSURG CORP., and AMSURG, LLC,<br><br>　　　　　Defendants. | JURY TRIAL DEMANDED<br><br>Civ. No. _____ |

## COMPLAINT

　　　　Plaintiff, Barbara Halesey, by and through her counsel, Mobilio Wood, and Sanguedolce Law Offices, P.C., files the instant Complaint against Defendants, Surgical Specialty Center of Northeastern Pennsylvania, LLC, Amsurg Corp., and Amsurg, LLC, averring in support thereof as follows:

### Parties

　　　　1.　　Plaintiff Barbara Halesey ("Plaintiff") is an adult individual and citizen of the Commonwealth of Pennsylvania.

　　　　2.　　Defendant Surgical Specialty Center of Northeastern Pennsylvania, LLC ("Surgical Center") is a business organization that provides ambulatory surgery services, and owns and/or operates the Surgical Specialty Center of

Northeastern Pennsylvania, located at 190 Welles St., Forty Fort, Pennsylvania 18704.

3. Defendant Amsurg Corp. is a business organization that provides ambulatory surgery services, and owns and/or operates the Surgical Specialty Center of Northeastern Pennsylvania, located at 190 Welles St., Forty Fort, Pennsylvania 18704.

4. Defendant Amsurg, LLC is a business organization that provides ambulatory surgery services, and owns and/or operates the Surgical Specialty Center of Northeastern Pennsylvania, located at 190 Welles St., Forty Fort, Pennsylvania 18704.

5. At all times relevant and material herein, Plaintiff was employed by Defendant Specialty Center.

6. In the alternative, Plaintiff was employed by Defendant Amsurg Corp.

7. In the alternative, Plaintiff was employed by Defendant Amsurg, LLC.

8. In addition or in the alternative, Defendant Amsurg Corp. and/or Defendant Amsurg, LLC retained sufficient control over the terms and conditions of Plaintiff's employment with Specialty Center such that they are liable to Plaintiff pursuant to a joint employer and/or agency theory of liability.

9. In addition or in the alternative, Defendant Surgical Center retained sufficient control over the terms and conditions of Plaintiff's employment with Defendant Amsurg Corp. and/or Defendant Amsurg, LLC such that it is liable to Plaintiff pursuant to a joint employer and/or agency theory of liability.

10. Defendants Specialty Center, Amsurg Corp., and Amsurg, LLC shall be collectively referred to herein as "Defendants."

11. At all times relevant and material herein, Defendants acted by and through their ostensible and/or actual agents, servants, workmen and/or employees.

## Jurisdiction and Venue

12. This Court has jurisdiction over Plaintiff's claims in accordance with 28 U.S.C. § 1331 because this civil action arises under a law of the United States and seeks redress for violations of a federal law.

13. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this Commonwealth and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

14. Venue is properly laid in this judicial district pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendants are subject to personal jurisdiction in this district.

## Exhaustion of Administrative Remedies

15. On April 30, 2020, Plaintiff dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and Pennsylvania Human Relations Commission ("PHRC") against Defendants, alleging that Defendants unlawfully discriminated against her on the basis of her age, in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* ("ADEA"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951 *et seq.* ("PHRA").

16. On September 17, 2020, the EEOC mailed a Dismissal and Notice of Rights to Plaintiff.[1]

## Factual Allegations

17. Plaintiff was hired as the Center Administrator at Defendants' Kingston Surgery Center, an eye surgery center, in or around January 2003.

18. In 2016, Kingston Surgery Center merged its operations with the Surgical Specialty Center of Northeastern Pennsylvania, and the business was

---

[1] On December 16, 2020, Plaintiff dual-filed a second Charge of Discrimination against Defendants with the EEOC and PHRC, in which she asserted claims for retaliation in violation of Title VII of the Civil Rights Act of 1964 and the PHRA, and invoked the doctrine of equitable estoppel. Plaintiff intends to amend the instant Complaint to assert her retaliation claims upon the EEOC's issuance of a right to sue letter.

consolidated into one location at the site where Surgical Specialty Center of Northeastern Pennsylvania operated.

19. Plaintiff led, directed, and effectuated the complete transition from eye surgery center to multi-surgery center.

20. At the time of the merger, Defendants promoted Plaintiff to Center Leader, where she was responsible for coordinating and directing the activities and fiscal responsibilities of the surgical center.

21. Plaintiff had no significant disciplinary history in her more than seventeen (17) years of employment with Defendants.

22. Throughout Plaintiff's tenure with Defendants, she routinely received above-average performance reviews, and was awarded merit-based pay raises.

23. For example, on her 2016 annual performance appraisal, Plaintiff received an "Overall Rating" of 3.6, or "Very Good," on a scale from 0 to 4.

24. Plaintiff's 2016 annual performance appraisal indicates that she was recommended for a 3.5% merit pay increase.

25. On Plaintiff's 2017 annual performance appraisal, she received an "Overall Rating" of 3.41, or "Very Good," on a scale from 0 to 4.

26. Plaintiff's 2017 annual performance appraisal indicates that she was recommended for a 3.25% merit pay increase.

27. Once again, on Plaintiff's 2018 annual performance appraisal, she received an "Overall Rating" of 3.55, or "Very Good," on a scale of 0 to 4.

28. Plaintiff's 2018 annual performance appraisal indicates that she was recommended for a 3% merit pay increase.

29. Notably, Plaintiff's impressive 2018 annual performance appraisal was dated July 2019 – a mere four months before her discriminatory termination described herein.

30. On or around November 5, 2019, Defendants abruptly terminated Plaintiff's employment.

31. Defendants claimed that they were "going in a different direction," and that Plaintiff's "position [wa]s being eliminated."

32. At the time of her termination, Plaintiff was sixty (60) years of age.

33. Despite Defendants' claims that Plaintiff's position had been eliminated, soon after Plaintiff's termination, Defendants filled Plaintiff's position with an employee who was approximately forty (40) years old.

## COUNT I

### VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967

34. Plaintiff hereby incorporates the preceding paragraphs by reference as though fully set forth at length herein.

35. At all times relevant and material herein, Plaintiff was an "employee" as defined by 29 U.S.C. § 630(f).

36. At all times relevant and material herein, Defendants were Plaintiff's "employer" within the meaning of 29 U.S.C. § 630(b), and employed more than twenty (20) persons.

37. The ADEA provides that is "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age . . . ." 29 U.S.C. § 623(a).

38. At all times relevant and material herein, Plaintiff was qualified for the position of Center Leader.

39. In fact, Plaintiff had regularly received above-average performance reviews and merit-based pay raises, including an annual "Overall Rating" of "Very Good," and a 3% pay raise, a matter of months before her termination.

40. Despite Plaintiff's 17-year tenure and repeated positive evaluations, Defendants abruptly terminated Plaintiff, and falsely claimed that her position was being eliminated.

41. Plaintiff was sixty (60) years old at the time of her termination.

42. Plaintiff was replaced by a substantially younger employee, who was approximately forty (40) years old.

43. Through its conduct, Defendants willfully violated the ADEA.

44. Defendants acted with reckless indifference to Plaintiff's rights under the ADEA, warranting an award of liquidated damages.

45. As a result of Defendants' conduct, Plaintiff has been harmed.

## Prayer for Relief

**WHEREFORE**, Plaintiff prays that a judgment be entered in her favor and against Defendants in the following respects:

a) An order awarding back pay and front pay;

b) An order awarding liquidated damages;

c) An order awarding attorneys' fees and costs;

d) An order awarding pre-judgment and post-judgment interest; and

e) All other relief as the Court deems just and equitable.

## Jury Demand

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

Date: 12/16/2020       BY:   *s/ Peter C. Wood, Jr.*
Peter C. Wood, Jr., Esq. (PA 310145)
Matthew Mobilio, Esq. (PA 209439)
**MOBILIO WOOD**
900 Rutter Ave., Box 24
Forty Fort, PA 18704
Phone: (570) 234-0442
Fax: (570) 266-5402
peter@mobiliowood.com

matt@mobiliowood.com

Date: 12/16/2020          BY:   *s/ Samuel M. Sanguedolce*
                                Samuel M. Sanguedolce, Esq. (PA 87548)
                                **SANGUEDOLCE LAW OFFICES, P.C.**
                                159 South Main Street
                                Pittston, PA 18640
                                Phone: (570) 654-3133
                                Fax: (570) 654-3008
                                sms@sanglaw.com

                                *Co-Counsel for Plaintiff*
                                *Barbara Halesey*

9